Filed 8/5/25  P. v. Garcia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARTIN GARCIA,<br><br>     Defendant and Appellant. | C100473<br><br>(Super. Ct. Nos. 23FE002127, 23FE016106) |

Appointed counsel for defendant Martin Garcia filed an opening brief that sets forth the facts of the cases and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgments.

# I. BACKGROUND

## A.    Case No. 23FE002127

On February 8, 2023, A.D. received a message on Facebook from defendant stating, "Imma shoot you when I get out on Valentine's Day Ho." A.D. notified police. Defendant was serving a prison sentence after a conviction in 2022 for stalking A.D. and due to be released on February 14, 2023. A cell phone with the Facebook application was found in a search of a prison cell next to defendant's cell. As part of defendant's 2022 conviction for stalking, a domestic violence criminal protective order was issued requiring defendant to have no personal, electronic, telephone, or written contact with A.D. from February 1, 2022, through February 1, 2026.

The People charged defendant with making criminal threats (Pen. Code, § 422—count one)[1] and misdemeanor violation of a protective order (§ 166, subd. (c)(1)—count two). The People alleged as aggravating factors: the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (rule 4.421(a)); defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness (rule 4.421(b)(2)); and defendant served a prior term in prison or county jail (rule 4.421(b)(3)).

On December 5, 2023, a jury found defendant guilty on both counts. Defendant waived jury trial on the aggravating factors.

On February 9, 2024, in a bifurcated proceeding, the trial court found the People had proved beyond a reasonable doubt all aggravating factors but did not rely on the aggravating factor set forth in rule 4.421(a), as threat of great bodily harm is an element

---

[1] Undesignated statutory references are to the Penal Code. Undesignated rule references are to the California Rules of Court.

of the charged offense. Finding that aggravating factors far outweighed mitigating factors, the trial court imposed the upper term of three years on count one and sentenced defendant to one year in county jail on count two, stayed under section 654. The court awarded defendant 360 days of actual credit and 360 days of conduct credit and ordered defendant to pay minimum mandatory fees and assessments. Defendant filed a timely appeal.

B.    *Case No. 23FE016106*

On October 7, 2023, officers searched defendant's cell at the Rio Cosumnes Correctional Center and found a "shank" with a plastic handle and a half-inch sharpened nail protruding from it inside a box belonging to defendant.

The People charged defendant with one count of violating section 4502, subdivision (a). On February 9, 2024, defendant pled no contest to the charge. The trial court sentenced defendant to one year (one-third the middle term) consecutive to the term imposed in case No. 23FE002127. The court awarded no additional custody credit days. We granted defendant's motion to construe the appeal in case No. 23FE002127 to include case No. 23FE016106.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the cases and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant did not file a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant. Accordingly, we will affirm the judgments.

## III. DISPOSITION

The judgments are affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

FEINBERG, J.